## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TRIUVA Kapitalverwaltungsgesellschaft mbH, | § § § | |
| *Plaintiff,* | § | |
| v. | § § | CIVIL ACTION NO. 4:15-CV-2744 |
| Baker Hughes, Incorporated and Baker Hughes Oilfield Operations, Inc. d/b/a Baker Oil Tools, Inc., | § § § § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE

1.   **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

Date:
November 16, 2015

Location:
Conference call

Counsel for Plaintiff:

Jonathan M. Weiss
Federal Bar No. 2705403
Jonathan J. Faria
Federal Bar No. 2705438
Kirkland & Ellis LLP
333 South Hope Street, Suite 2900
Los Angeles, CA  90071
(213) 680-8400 – Telephone
(213) 680-8500 – Facsimile
E-mail:  jonathan.weiss@kirkland.com
E-mail:  jonathan.faria@kirkland.com

Patricia Hair
Federal Bar No. 2960
Phelps Dunbar LLP

500 Dallas Street, Suite 1300
Houston, TX 77002
(713) 626-1386 – Telephone
(713) 626-1388 – Telephone

Counsel for Defendants:

Andrew W. Zeve
Texas State Bar No. 24042209
Federal Bar No. 570754
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 – Telephone
(713) 221-1212 – Facsimile
Email: andrew.zeve@bgllp.com

David W. Ogden (pro hac vice)
D.C. State Bar No. 375951
Federal Bar No. 375951
John A. Trenor (pro hac vice)
D.C. State Bar No. 448841
Charles C. Speth (pro hac vice)
D.C. State Bar No. 979809
Federal Bar No. 979809
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, DC  20006
(202) 663-6000 – Telephone
(202) 663-6363 – Facsimile
Email: david.ogden@wilmerhale.com
Email: john.trenor@wilmerhale.com
Email: charles.speth@wilmerhale.com

2.    **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

Plaintiff's Position

There are no state or federal cases related to this litigation.  Nor is an arbitration between non-parties a "related case."

Defendants' Position

There are no cases related to this matter pending in any U.S. state or federal court.  There is, however, ongoing arbitration in Germany between Plaintiff's sister company IVG

Caverns and Defendants' affiliate Baker Hughes Deutschland.   The proceedings are related as both concern the alleged rupture of equipment supplied under contract by Baker Hughes Deutschland to Plaintiff's sister company IVG Caverns, for use in Plaintiff's natural gas storage caverns in Germany.   In addition, both proceedings will seek to determine whether the equipment supplied by Baker Hughes Deutschland under contract was defective, and whether any purported defects caused the equipment to rupture and damage the surrounding property.   Plaintiff and IVG Caverns seek compensatory damages and loss of rent in both proceedings.

3.   **Briefly describe what this case is about.**

Plaintiff's Position

TRIUVA owns oil and gas storage salt caverns in Etzel, Germany.   Installed in these caverns are, among other pieces of equipment, subsurface safety valves that were designed and manufactured by Defendants (the Onyx-5 SSSVs).   In one of the caverns TRIUVA owns, the valve ruptured along a weld, damaging Plaintiff's property and impeding the ability of the cavern to be used for gas storage.  Plaintiff alleges this rupture was caused by the Onyx-5 SSSV's defective design.  Many of TRIUVA's other caverns contain Onyx-5 valves with this same defect. TRIUVA is pursuing products liability claims based on the defective design of the Onyx-5 SSSV, and Defendants' failure to warn of the dangers of that valve.

As explained in detail in Plaintiff's opposition to Defendants' motion to stay, non-party IVG Caverns is pursuing breach of warranty claims in an arbitration against Defendant Baker Hughes Inc.'s German subsidiary, Baker Hughes Deutschland.   According to the arbitration demand appended to Defendants' motion, Baker Hughes Germany had a contractual duty to weld together equipment (including the Onyx-5 SSSV previously designed and manufactured by Defendants) into an assembly for IVG Caverns in the manner specified in their contract under German law. The arbitration demand claims that this welding work failed to meet the contractual specifications.

As also explained in Plaintiff's opposition, TRIUVA and IVG Caverns are not "sister companies"; they are separate corporations, operating different businesses, each with their own rights, assets, and liabilities.  TRIUVA and IVG Caverns have no direct parent in common, TRIUVA has no interest in IVG Caverns' business, TRIUVA has no ownership interest in IVG Caverns, and IVG Caverns has no ownership interest in TRIUVA.  As reflected in TRIUVA's corporate disclosure statement, TRIUVA is also minority owned by a Deutsche Bank AG entity that has no relationship with the IVG group of companies at all.

Defendants' Position

Plaintiff's sister company, IVG Caverns, contracted with Defendants' affiliate, Baker Hughes Deutschland, to purchase certain equipment for use in natural gas storage caverns in Etzel, Germany, some of which are owned by Plaintiff.   Plaintiff alleges that this equipment was defective, and that Plaintiff's caverns and well equipment were damaged

when a rupture occurred. Plaintiff seeks compensatory damages under strict liability theories of design defect and marketing defect, as well as a negligence claim.

4. **Specify the allegation of federal jurisdiction.**

This court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff alleges that the amount in controversy exceeds $75,000 and Defendants are citizens of one or more states and Plaintiff is a citizen or subject of a foreign state.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff's Position

Plaintiff does not presently believe that additional parties will be added, but reserves its right to amend the Complaint to name additional defendants as necessary as discovery proceeds. Plaintiff does not believe that Defendants have any right to implead IVG Caverns.

Defendants' Position

Defendants do not anticipate that additional parties need to be joined to this litigation while Defendants' motion to stay is pending, or while the litigation is stayed. After a stay is lifted or if Defendants' motion to stay is denied, it may be necessary to join IVG Caverns—Plaintiff's sister company and cavern operator, the affiliate who contracted for the equipment at issue, and the claimant in the pending arbitration.

7. **List anticipated interventions.**

None.

8. **Describe class-action issues.**

None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

<u>Plaintiff's Position</u>

Defendants have refused to exchange any initial disclosures until the Court rules on their pending motion.

<u>Defendants' Position</u>

Initial disclosures have not yet been made.  Defendants contend that initial disclosures are not proper at this time because Defendants have moved to stay this case pending the completion of a related, pending arbitration in Germany.  Pursuant to Fed. R. Civ. P. 26(a)(1)(C), Defendants object to providing such disclosures until the stay of litigation is lifted or Defendants' motion is denied.

10. **Describe the proposed agreed discovery plan, including:**
   a. **Responses to all the matters raised in Rule 26(f).**
   b. **When and to whom the plaintiff anticipates it may send interrogatories.**
   c. **When and to whom the defendant anticipates it may send interrogatories.**
   d. **Of whom and by when the plaintiff anticipates taking oral depositions.**
   e. **Of whom and by when the defendant anticipates taking oral depositions.**
   f.
       (i) **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**
       (ii) **Specify the date experts for defendant will be designated and their reports provided to opposing party.**
   g. **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date. *See* Rule 26(a)(2)(B) (expert report).**
   h. **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date. *See* Rule 26(a)(2)(B) (expert report).**

Pursuant to Section 6(a) of the Court's Procedures, no discovery plan is required.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Pursuant to Section 6(a) of the Court's Procedures, no discovery plan is required.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

Plaintiff's Position

As stated above, Defendants have refused to participate in an exchange of initial disclosures, or of principal documents, as directed by the Court in its October 20, 2015 order setting conference.   The German Arbitration tribunal handling IVG Caverns' arbitration does not have subpoena power over Defendants.   There will likely be no discovery at all concerning the design and marketing defects of the Onyx-5 SSSV manufactured by Defendants in the United States, absent such discovery in this case. Plaintiff believes that all discovery can reasonably be completed within 12 months.

Defendants' Position

Defendants contend that the pending arbitration is likely to resolve most, if not all, of the factual issues in dispute, and that discovery may be unnecessary once the arbitration is completed.   In the event this case is not stayed pending the completion of arbitration in Germany, Defendants expect that all discovery reasonably can be completed in 12 months.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff's Position

Defendants indicated that prompt settlement or resolution of this case was unlikely given their position that the case should be stayed in favor of the German arbitration.  The arbitration involves different parties and different claims, and is no impediment to resolution of this case.

Defendants' Position

Prompt resolution of this matter is unlikely due to the pending related arbitration.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff's Position

Nothing has been done to promptly resolve this case in light of the positions Defendants have taken.  The arbitration involves entirely different parties and claims, and cannot resolve this case.

Defendants' Position

Plaintiff's sister company and cavern operator, IVG Caverns, has already instituted arbitration against Defendants' affiliate Baker Hughes Deutschland in Germany, and that proceeding is ongoing.

PD.18507218.1

16.   **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

Plaintiff's Position

Plaintiff is open to alternative dispute resolution. But arbitration between two non-parties is not a form of "alternative dispute resolution."

Defendants' Position

IVG Caverns and Baker Hughes Deutschland—the affiliates of Plaintiff and Defendants who contracted for the equipment at issue in this litigation—included a binding arbitration provision in their Supply Agreement stating that all litigation in connection with that Agreement is subject to arbitration in Germany. As mentioned above, arbitration between IVG Caverns and Baker Hughes Deutschland is ongoing.

17.   **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to having this matter tried before a magistrate judge.

18.   **State whether a jury demand has been made and if it was made on time.**

Plaintiff made a timely jury demand, and Defendants join such jury demand.

19.   **Specify the number of hours it will take to present the evidence in this case.**

If the case is not stayed, the parties believe it will take approximately 100 hours of trial to present the evidence in this case.

20.   **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendants' Motion to Stay Pending Arbitration And To Suspend Time To Answer Or Otherwise Respond.

21.   **List other pending motions.**

None.

22.   **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Plaintiff's Position

PD.18507218.1

As above, Defendants have refused to participate in an exchange of initial disclosures and principal documents, as directed by the Court.

<u>Defendants' Position</u>

None at this time.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

Plaintiff filed a Disclosure of Interested Parties on September 21, 2015.

Defendants filed a Disclosure of Interested Parties on November 24, 2015.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

**<u>Plaintiff's Counsel</u>**
Mark Holscher
Federal Bar No. 547767
Jonathan M. Weiss
Federal Bar No. 2705403
Jonathan J. Faria
Federal Bar No. 2705438
Kirkland & Ellis LLP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071
(213) 680-8400 – Telephone
(213) 680-8500 – Facsimile
E-mail: mark.holscher@kirkland.com
E-mail: jonathan.weiss@kirkland.com
E-mail: jonathan.faria@kirkland.com

Patricia Hair
Federal Bar No. 2960
Phelps Dunbar LLP
500 Dallas Street, Suite 1300
Houston, TX 77002
(713) 626-1386 – Telephone
(713) 626-1388 – Telephone
E-mail: patricia.hair@phelps.com

**<u>Defendants' Counsel</u>**
J. Clifford Gunter III

-8-

Texas State Bar No. 533
Federal Bar No. 533
Stephen B. Crain
Texas State Bar No. 04994580
Federal Bar No. 12499
Andrew W. Zeve
Texas State Bar No. 24042209
Federal Bar No. 570754
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 – Telephone
(713) 221-1212 – Facsimile
Email: cliff.gunter@bgllp.com
Email: stephen.crain@bgllp.com
Email: andrew.zeve@bgllp.com

and

David W. Ogden (pro hac vice)
D.C. State Bar No. 375951
Federal Bar No. 375951
John A. Trenor (pro hac vice)
D.C. State Bar No. 448841
Charles C. Speth (pro hac vice)
D.C. State Bar No. 979809
Federal Bar No. 979809
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, DC 20006
(202) 663-6000 – Telephone
(202) 663-6363 – Facsimile
Email: david.ogden@wilmerhale.com
Email: john.trenor@wilmerhale.com
Email: charles.speth@wilmerhale.com